### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO

Civil Action No. 1:21-cv-03166

BERKSHIRE LIFE INSURANCE COMPANY OF AMERICA,

Plaintiff,

v.

ALAN L. SCHOOLEY,

Defendant.

---

### MOTION TO RESTRICT PUBLIC ACCESS

---

Plaintiff Berkshire Life Insurance Company of America ("Berkshire"), through its attorneys, Franz Hardy and Christine M. Kroupa of Gordon Rees Scully Mansukhani, LLP, submits this Motion to Restrict Public Access.

1.      Pursuant to D.C.Colo.L.Civ.R 7.1(a), counsel for plaintiff has not conferred with defendant regarding this Motion as counsel for defendant has not entered an appearance in this matter as of the time of the filing of this Motion (which is filed contemporaneously with the Complaint to Confirm Rescission of Insurance Policy and for Declaratory Relief).  Counsel for plaintiff does not anticipate an objection to the relief requested herein.

2.      **Compliance with D.C.COLO.LCivR 7.2(c):** This lawsuit arises out of the rescission of an individual disability income insurance policy.  Defendant, a physician, claims he can no longer perform his job duties due to a medical condition.  Berkshire investigated defendant's claim for disability benefits, which included obtaining medical records based on

information not disclosed or identified by defendant in his Application for the insurance policy. As a result of its investigation of defendant's claim, Berkshire learned and discovered for the first time that defendant made certain material representations and statements in his Application that were false, and that defendant omitted material information from his Application.  If defendant had accurately and completely disclosed his medical history in his Application, and Berkshire had been given the ability to inquire further based upon accurate and complete information, including as to symptoms, conditions, treatment, and procedures, or if the facts regarding such matters had been made known to Berkshire prior to or at the time of the issuance or delivery of the policy, Berkshire would not have issued and delivered the policy, as applied for, nor would the premiums paid by defendant for the policy have been accepted by Berkshire.  Accordingly, Berkshire rescinded the policy and filed its Complaint to Confirm Rescission of Insurance Policy and for Declaratory Relief.

3.      **Documents sought to be restricted:** Berkshire seeks to address defendant's privacy interests.  Contemporaneously with filing the Complaint and exhibit thereto, Berkshire submits this Motion to Restrict Public Access to place the unredacted Complaint and the unredacted exhibit thereto – a copy of the insurance policy, including the application – under Level 1 Restriction.  The unredacted Complaint includes several allegations related to defendant's symptoms, conditions, treatment, and procedures, including his diagnoses, along with personal health and medical history.  The unredacted exhibit to the Complaint contains certain of defendant's personal identifying information.  Plaintiff does not seek to restrict public access to the contemporaneously filed redacted Complaint and redacted exhibit, which excludes this information, and they will remain publicly available.

4.     **Interests to be protected:** The unredacted Complaint and unredacted exhibit thereto contain personal identifying information and medical information that should remain confidential. *See Morris v. City of Colo. Springs*, No. 09-cv-01506-PAB-MEH, 2009 WL 4927618, at *1 (D. Colo. Dec. 18, 2009) (medical records fall within the scope of confidential documents under Fed. R. Civ. P. 26(c)); *Cutting v. United States*, No. 07-cv-02053-REB-MEH, 2008 WL 1775278, at *2 (D. Colo.  Apr. 14, 2008) (same); *Miller v. Kastelic*, No. 12-cv-02677-CMA-MEH, 2013 WL 4431102, at *2 (D. Colo. Aug. 16, 2013) (same).  In addition, personal identifying information is deemed confidential. *See* Fed. R. Civ. P. 5.2.

5.     **Injury that would result if access is not restricted:** If access is not restricted, defendant's medical history, symptoms, conditions, treatment, and procedures, as well as personal identifying information could be exposed as part of the public record.  These materials are confidential in nature and should be protected.  Redacting is not possible because it will not allow the Court to analyze the documents and understand the issues in dispute in this lawsuit.  Thus, only restricted access will adequately protect the interests at issue.

Courts may exercise discretion and restrict a public's right to access judicial records if that "right of access is outweighed by competing interests." *JetAway Aviation, LLC v. Bd. of Cty. Comm'rs of Cty. of Montrose, Colo.*, 754 F.3d 824, 826 (10th Cir. 2014) (quoting *Helm v. Kansas*, 656 F.3d 1277, 1292 (10th Cir. 2011)); *cf. United States v. Hickey*, 767 F.2d 705, 708 (10th Cir. 1985) ("[T]he question of limiting access is necessarily fact-bound, [therefore] there can be no comprehensive formula for decisionmaking.").  In exercising that discretion, the court "weigh[s] the interests of the public, which are presumptively paramount, against those advanced by the parties." *United States v. Dillard*, 795 F.3d 1191, 1205 (10th Cir. 2015) (quoting *Crystal Grower's*

3

*Corp. v. Dobbins*, 616 F.2d 458, 461 (10th Cir. 1980)).  The presumption against restriction may be overcome if the party seeking to restrict access to records "articulate[s] a real and substantial interest that justifies depriving the public of access to the records that inform [the court's] decision-making process." *JetAway*, 754 F.3d at 826 (quotation marks and citation omitted).

A party may overcome the presumption of public access where the records contain private or personally identifiable information, Fed. R. Civ. P. 5.2, or otherwise invade privacy interests, *Huddleson v. City of Pueblo, Colo.*, 270 F.R.D. 635, 637 (D. Colo. 2010), such as personal medical information, *Dillard*, 795 F.3d at 1205 (citing *Nixon*, 435 U.S. at 599).  As the U.S. Court of Appeals for the Tenth Circuit has recognized, "We have previously recognized that the privacy interest inherent in personal medical information can overcome the presumption of public access." *Dillard*, 795 F.3d at 1205–06 (citing *Eugene S. v. Horizon Blue Cross Blue Shield of N.J.,* 663 F.3d 1124, 1135–36 (10th Cir.2011) (approving the filing under seal of files containing private medical information); *Russell v. Lanier,* 404 Fed. Appx. 288, 289 n. 2 (10th Cir.2010) (recognizing the "sensitive nature" of medical information and granting leave to file appendix under seal)).  Here, the unredacted Complaint and unredacted exhibit thereto include personal medical information and personally identifiable information.  Defendant's privacy interests outweigh and overcome the presumption of public access.

6.     **No alternative to restriction is practicable:** Due to the basis of this lawsuit, redaction is not practicable because it will not provide this Court with the information it needs to understand the issues raised in this lawsuit, including the decision to rescind the insurance policy. There is no less drastic alternative to limiting access to the parties and this Court.  Only restricted

access will adequately protect the interests at issue.  A public copy of the redacted version of the Complaint and redacted exhibit thereto is filed contemporaneously.

       7.      **Level of restriction sought:** Berkshire seeks the least restrictive level of access at Level 1, which limits access to the parties and this Court.

       WHEREFORE, Berkshire requests that this Court maintain the unredacted Complaint to Confirm Rescission of Insurance Policy and for Declaratory Judgment, along with the unredacted exhibit thereto, under restricted access at Level 1 and for such other relief as this Court deems proper.

       DATED this the 24th day of November, 2021.

*/s/ Franz Hardy*
Franz Hardy, Esq.
Christine M. Kroupa, Esq.
GORDON REES SCULLY MANSUKHANI, LLP
555 Seventeenth Street, Suite 3400
Denver, Colorado 80202
Telephone: (303) 534-5160
fhardy@grsm.com
ckroupa@grsm.com
*Attorneys for Plaintiff*